IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 23 2005

GREGORY C. LANGHAM
CLERK

Civil Action No.: 04-cv-02476-RPM

DALE FOSTER,

   Plaintiff,

v.

STANDARD INSURANCE COMPANY,

   Defendant.

## STIPULATION AND PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS SO ORDERED:

1.   This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.   As used in this Protective Order, "documents" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.   Information designated as "CONFIDENTIAL" shall be information that is confidential and implicates proprietary, business and other interests of Standard Insurance

Company. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a. attorneys actively working on this case;
   b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;
   c. the parties;
   d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;
   e. the Court and its employees ("Court Personnel");
   f. stenographic reports who are engaged in proceedings necessarily incident to the conduct of this action;
   g. deponents, witnesses, or potential witnesses; and
   h. other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by it provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be designated as CONFIDENTIAL and shall be subject to the provisions of the Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject tot the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case, unless other arrangements are agreed upon, each documents and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

11. If Foster desires to file with the Court a copy of any document produced and stamped CONFIDENTIAL by Standard, Foster will notify Standard of his desire to file the CONFIDENTIAL document with the Court at least ten days in advance of the planned filing date.

12. If Standard desires to seek the sealing of any CONFIDENTIAL document to be filed with the Court, Standard shall file a motion to seal in compliance with D.C.COLO.LCivR 7.2 and D.C.COLO.LCivR 7.3.

Dated at Denver, Colorado, this 23rd day of June, 2005.

BY THE COURT:

Richard P. Matsch
Senior United States District Judge

**STIPULATED AND AGREED BY:**

s/Shawn E. McDermott
Shawn E. McDermott
2300 15th Street, Suite 200
Denver, Colorado 80202
Telephone: (303) 964-1800
Facsimile: (303) 964-1900

ATTORNEYS FOR PLAINTIFF
DALE FOSTER

s/Mark C. Rohlena
Jack M. Englert, Jr.
Michael S. Beaver
Mark C. Rohlena
HOLLAND & HART LLP
8390 E. Crescent Pkwy, Suite 400
Greenwood Village, CO 80111
Telephone: (303) 290-1087
Facsimile: (303) 290-1606
D.C. Box 6

ATTORNEYS FOR DEFENDANT
STANDARD INSURANCE COMPANY

## EXHIBIT A

## AFFIDAVIT

STATE OF COLORADO     )
                      ) ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *Foster v. Standard Insurance Company*, Civil Action No. 04-cv-2476-BNB (D. Colo.), a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (____)_____

3384975_1.DOC